```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
ROBERT J. BARBARELLI,
                                            05 Civ. 6759 (RJH)(DFE)
                    Plaintiff,
                                            This is not an ECF case
        - against -
                                            OPINION AND ORDER
VERIZON COMMUNICATIONS INC.,

                    Defendant.
-----------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    Pursuant to my Memorandum and Order dated November 23, 2007, defendant has made a motion to me dated November 29, 2007 (Docket Item #15). It seeks leave to file an Amended Answer that would add a sixth affirmative defense alleging that "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations." On December 10, 2007, plaintiff served his *pro se* opposition (Docket Item #16). On December 17, 2007, defendant served a reply memorandum (Docket Item #17).

    The *pro se* Complaint was filed on July 27, 2005, and served on July 29, 2005. It alleged:

> 1. The defendant, Verizon Communications Inc., violated ... ERISA ... when the defendant "rolled over" the plaintiff's pension "cashout" into the Verizon Savings and Security Plan for New York and New England Associates. ... The defendant admittedly knew that the plaintiff had notified Verizon representatives, on several occasions, of his choice and selection [of investment options], and that it failed to honor this choice and selection. The defendant also admitted wrongdoing and offered restitution for its errors. However, this restitution was grossly inadequate ....

The Complaint alleged no dates for any of this. On August 24, 2005, defense counsel mailed plaintiff a three-page Answer that did not assert the statute of limitations.

    On December 15, 2005, Judge Baer held an initial conference. It was very short, because he announced that he had just realized he would have to recuse himself because he owned some shares of Verizon, and that the case would be reassigned to a new judge.

Five days later, on December 20, 2005, defense counsel prepared an Amended Answer that asserted the statute of limitations; he sent it to plaintiff via Federal Express with a cover letter that (a) noted that the Amended Answer merely added a sixth affirmative defense, and (b) asked plaintiff to advise whether he would give written consent and avoid a motion requesting leave of Court to file the Amended Answer.  (See Exh. B to Docket Item #15.)  Plaintiff did not give consent.  Defense counsel's moving memorandum, at footnote 2, says he intended to raise the issue as soon as a new judge held a scheduling conference.  Unfortunately, a long delay ensued.  The case was reassigned to Judge Marrero, who also recused himself, and then it was reassigned to Judge Holwell.  But no one took any action until plaintiff finally wrote in 2007 to Judge Holwell, who then referred the case to me for general pretrial supervision.

    Rule 15(a) of the Federal Rules of Civil Procedure says that leave to amend a pleading "shall be freely given when justice so requires."  As defense counsel correctly notes, leave can be denied if the proposed amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party, or (4) would be futile. *Ispat Inland, Inc. v. Kemper Environmental, Ltd.*, 2007 U.S. Dist. Lexis 55851, at *3, 2007 WL 2197837, at *1 (S.D.N.Y. July 31, 2007) (Pitman, M.J.).  In the case at bar, I make none of those findings.  Defense counsel served plaintiff with the proposed Amended Answer in December 2005 (and since then has made only the non-substantive changes detailed at footnote 1 of the moving memorandum).  Plaintiff argues that defense counsel should have spotted the statute of limitations issue four months earlier, before filing the original Answer.  Even though the Complaint gave no dates, plaintiff points out that the relevant dates were contained in defendant's files, for example Attachment 1 to Docket Item #16, a letter to plaintiff dated May 24, 2002, from Verizon stating:  "Based on your phone call to a Savings Plan representative on April 18 [2002] and a conversation you had with your financial advisor, AYCO, on April 18, we understand that you were aware, at least by that date, of the fact that your pension rollover was in the Savings Plan."  However, plaintiff's argument does not amount to a showing of undue delay, dilatory motive, or bad faith.  Defendant delayed only four months from August 24, 2005 to December 20, 2005, and it was understandable that he waited until the next conference before raising the amendment again.  I find that defendant caused no prejudice to plaintiff.

    Finally, plaintiff argues that the amendment will be futile.  At pages 7-8 of his opposition, he writes:

> Plaintiff followed the instructions as covered by the Summary Plan Descriptions (see attachments 5 and 6), which did not allow for the Plaintiff to take his Complaint to Court until he "exhausted the claims and appeals process." This exhaustion of the claims and appeals process first occurred in August of 2002, when Plaintiff received Ms. Mellinger's letter dated July 31, 2002, in which she stated, "the decisions of the [Claim Review] Committee are final" (see attachment 2).
>
> \*    \*    \*
>
> Therefore, Plaintiff's position is that Plaintiff's Complaint, filed with the Court on July 27, 2005, clearly falls within the three year time limit provision as stated under Section 1113 [of Title 29].

That argument was rejected by Judge Glasser in a somewhat similar case, *Patterson-Priori v. Unum Life Ins. Co. of Amer.*, 846 F.Supp. 1102 (E.D.N.Y. 1994) (copy enclosed). On the other hand, in *Mitchell v. Shearson Lehman Bros., Inc.*, 1997 WL 277381 (S.D.N.Y. May 27, 1997) (copy enclosed), Judge Mukasey disagreed with Judge Glasser and wrote:

> I conclude that a claim under ERISA does not accrue until the internal remedies mandated by that statute are exhausted. In addition to the reasoning outlined above - - that a claim has not been clearly and unequivocally repudiated until the appeals process is completed - - it is simply illogical to say that a claim has accrued if it is automatically subject to dismissal when filed.

In somewhat similar cases, this issue has been discussed by courts of appeals in other Circuits, with mixed results.  *See Mason v. Aetna Life Ins. Co.*, 901 F.2d 662, 664 (8th Cir. 1990); *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1205-06 (10th Cir. 1990); *Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381, 1385-87 (9th Cir. 1991); *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65-67 (7th Cir. 1996); *Radford v. General Dynamics Corp.*, 151 F.3d 396 (5th Cir. 1998).  The Second Circuit has avoided ruling on this issue. *See Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 325 (2d Cir. 2004).  Accordingly, the issue remains open for decision by Judge Holwell.  Pursuant to my Scheduling Order dated November 23, 2007, defendant shall serve and file a motion for

summary judgment by January 3, 2008.

If defendant prevails on its argument that the cause of action accrued in April or May 2002, then plaintiff's opposition suggests two back-up arguments.  At pages 7-8 of his opposition, he invokes the last part of 29 U.S.C. §1113, which says that "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation."  However, the Second Circuit has construed this language to mean "fraud or fraudulent concealment," and has written:

> ... To get the advantage of the six-year statute of limitations, the plaintiffs must plead fraud with the requisite particularity. .... [A] plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations.  In addition, the complaint should explain how the misrepresentations were fraudulent and "plead those events which give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth."

*Caputo v. Pfizer, Inc.*, 267 F.3d 181, 190-91 (2d Cir. 2001) (internal citations omitted).  It is highly doubtful that plaintiff could show the required "strong inference"; it appears that he received some sort of notification from Verizon within a mere eight days after Verizon invested his money contrary to his instructions.

At page 7 of his opposition, plaintiff says, in essence, that until August 2002 he thought Verizon was going to correct its mishandling and give him a greater amount of restitution.  And at my conference on November 16, 2007, he said that for some time after August 2002, he had sought redress through his union.  In lawyer's terms, he may be arguing that he should be granted extra time under the doctrine of equitable tolling of the statute of limitations.  However, the Second Circuit has written:  "We agree that a plaintiff with actual knowledge of her right to sue may not rely on equitable tolling." *Veltri,* 393 F.3d at 326.  Plaintiff's Attachment 2 shows that he was told by Verizon's July 31, 2002 letter:  "Since this appeal has been denied, you have a right to bring a civil action under section 502(a) of ERISA."

**I hereby grant defendant's motion (Docket Item #15).  I grant leave to defendant to file the Amended Answer that is Exh. A to Docket Item #15.**  The Amended Answer calls for no reply by

plaintiff. His next deadline is January 22, 2008, when he must send defense counsel and Judge Holwell papers opposing the anticipated January 3 motion for summary judgment. Defendant must serve any reply papers by January 31, 2008. In those papers, either side may request Judge Holwell to allow oral argument.

                                               *Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
           December 27, 2007

Copies of this Opinion and Order (and of the opinions in *Patterson-Priori* and *Mitchell*) are being sent by mail to:

Mr. Robert J. Barbarelli
203 Balcom Avenue
Bronx, NY 10465
   (plus a copy of this Opinion and Order only, by fax to
   718-828-5637fax)

Scott Goldshaw, Esq.
Salmanson Goldshaw, P.C.
2 Penn Center, Suite 1230
Philadelphia, PA 19102
   (plus a copy of this Opinion and Order only, by fax to
   215-640-0596fax)

Hon. Richard J. Holwell
U.S. District Judge
500 Pearl Street, Room 1950
New York, NY 10007